UNITED STATES of America,
Appellee,

v.

Felix BERRIOS, a/k/a "Phil,"
Defendant–Appellant.

No. 05–0957–CR.

United States Court of Appeals,
Second Circuit.

March 16, 2006.

John R. Gulash, Jr., Gulash & Riccio, Bridgeport, CT, for Defendant–Appellant.

Robert M. Spector, Assistant United States Attorney, (Kevin J. O'Connor, United States Attorney for the District of Con-

necticut, on the brief, William J. Nardini, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. JOHN G. KOELTL,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be **AFFIRMED**.

Defendant Felix Berrios ("Berrios") appeals from a judgment entered on February 17, 2005, in the United States District Court for the District of Connecticut (Underhill, *J.*), convicting him, following a jury trial, of being a felon in possession of a firearm in connection with another felony (*i.e.*, possession with intent to distribute a controlled substance), in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(2). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

We review a district court's evidentiary decisions for abuse of discretion. *See United States v. Tocco*, 135 F.3d 116, 127 (2d Cir.1998). We review the admission of other act evidence under Rule 404(b), Fed. R.Evid., using a four-prong test: (1) the evidence must be offered for a proper purpose—*i.e.*, motive, intent, or absence of mistake or accident; (2) the evidence must be relevant to an issue in the case; (3) the probative value of the evidence must not be substantially outweighed by the potential for unfair prejudice; and (4) if requested to do so, the district court must give an appropriate limiting instruction to the jury. *Huddleston v. United States*, 485

U.S. 681, 691, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

■ (1) The district court did not abuse its discretion in admitting evidence of Berrios' drug dealing relationship with a testifying government witness under Rule 404(b). The evidence was admitted for the proper purpose of establishing the "circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir.1997) (citations omitted). Since Berrios does not challenge the relevancy of the proffered drug evidence, any relevancy argument is waived. *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir.2005); Rule 28(a), Fed. R.App. P. The court engaged in balancing under Rule 403, Fed.R.Evid., and acted within its discretion in permitting the introduction of highly probative evidence, allowing only a portion of it to be received in evidence. Finally, the limiting instruction given by the district court (to which both parties consented) was more than adequate to guard against any unfair prejudice to Berrios. *See Huddleston*, 485 U.S. at 691, 108 S.Ct. 1496.

■ (2) The district court did not abuse its discretion in exempting the government's case agent from the sequestration rule of Rule 615(2), Fed.R.Evid. *See United States v. Pellegrino*, 470 F.2d 1205, 1208 (2d Cir.1972) ("Since the chief investigating agent may be of significant help to the prosecution during the course of a trial, the trial court has discretion to make an exception to the general rule of sequestration of witnesses ...."); *see also United States v. Jackson*, 60 F.3d 128, 136 n. *

---

* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

(2d Cir.1995) (noting that "the exclusion of a single agent from sequestration does not generally constitute error under Rule 615"). And even if there was error, it was harmless because there was clear evidence of Berrios' guilt. *See Jackson,* 60 F.3d at 136–37 (2d Cir.1995).

We have considered all of Berrios' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.